No. 30,610.

JENNIE ZELINKOFF, *Appellant,* v. THE MOUNTAIN STATES BRUSH MANUFACTURING CORPORATION and THE PHŒNIX INDEMNITY COMPANY, *Appellees.*

(9 P. 2d 649.)

Opinion filed April 9, 1932.

*Harold A. Zelinkoff,* of Wichita, for the appellant.

*Allen B. Burch, J. B. Patterson* and *P. J. Warnick,* all of Wichita, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action under the workmen's compensation act. Judgment was for the respondent. Claimant appeals.

Max Zelinkoff, the deceased, was a salesman for the Mountain States Brush Manufacturing Corporation. His work consisted of calling on the trade with two sample cases, each of which weighed about thirty pounds. On December 23, 1931, he seemed to be in his usual health and spirits. He made a trip on that day, as usual, calling on the trade. He returned to his home at Wichita in the evening of December 24. He arrived home from the office about seven o'clock in the evening. At this time he was pale, complained of pains. in his chest, shoulders, and down his right arm, and a headache. He had never previously complained of these pains. He went to bed and stayed till December 29. On the morning of the 29th he was found standing up. He was then gasping for air and in about the same condition he had been in on the 24th. He was taken to the office of a doctor, who examined him, and diagnosed his trouble as angina pectoris. Another doctor, who examined him on the 29th, also diagnosed his trouble as angina pectoris. On the morning of the 31st the doctor again called and found deceased to be suffering from another attack similar to the one suffered on the 29th. This doctor continued to call on him each day till January 3, 1932. At this time he found a slight heaviness and enlargement of

the heart. This caused him to change his diagnosis to myocarditis as the cause of death. On the afternoon of January 3 he was again to Mr. Zelinkoff's home, but death had occurred before he arrived.

A claim for compensation was made. The case was tried by the commissioner of workmen's compensation. A finding was made in favor of the respondent and denying compensation. From this decision of the commissioner an appeal was taken to the district court. That court affirmed the findings of fact and award of the commissioner.

All the jurisdictional facts were agreed to there. The only question presented before the commissioner and in court was that of whether the death of the deceased was the result of accidental injury arising out of his employment. We have reached the conclusion that this question must be answered in the negative and the judgment affirmed. We have examined the cases relied upon by appellant and find that they are not in point. This court defined the word "accident" in *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793. There the following language was used:

"The word accident does not have a settled legal signification. It does have, however, a generally accepted meaning, which is the same whether considered according to the popular understanding or the approved usage of language. An accident is simply an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." (p. 773.)

In that case the workman suffered a pulmonary hemorrhage while swinging a heavy sledge and died before medical aid could reach him. The sudden and unexpected element was present, also what happened was of an afflictive or unfortunate character. This court has passed on many analogous cases since that opinion was written and has uniformly held that these elements must be present in order to constitute the occurrence of an accident within the meaning of the workmen's compensation act. The theory of these cases is that something gave way within a man and the result is the same as though the workman stumbled against a sharp instrument, which penetrated his body, severing something that caused death. In all cases of this type, however, it was possible to put the finger on some definite occurrence undesigned, sudden and unexpected, and afflictive and unfortunate in character. In this case the elements of suddenness and unexpectedness are lacking.

It would add nothing to this opinion to detail the evidence here,

but suffice it to say that the doctors who testified could not agree that angina pectoris could result from the physical exertion spoken of in this case and death not result almost instantly.

The judgment of the trial court is affirmed.